1  Bradford Mitchell
2  1025 Nevin Ave #1666
   Richmond, California 94802
3  203-395-6211
   badford@acninc.net
4  PLAINTIFF
5  *In pro se*
6
7

**FILED**

DEC 07 2022

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

8                    UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10
11                                                **C22-07720**
12 BRADFORD MITCHELL                    Case No.: _____
13        Plaintiff,

14 vs.                                  EMPLOYMENT DISCRIMINATION, TITLE
                                        VII OF CIVIL RIGHTS ACT OF 1964, AND
15                                      42 U.S. CODE § 2000E-5, 42 U.S.C. § 2000E-
                                        5(G)
16 San Francisco Bay Area Rapid Transit District
   (BART), Rebecca Saltzman, President BART
17 Board of Directors, in her individual and official
   capacity, Robert Powers, General Manager
18 BART, in his individual and official capacity,
   Veronica Thomas, Human Resources Director,
19 in her individual and official capacity, Alaric
   Degrafinried, Assistant General Manager
20 Administration, in his individual and official
21 capacity.
22        Defendant
23

24                          **INTRODUCTION**
25
26    1. Now comes Bradford Mitchell, ex-employee BART (hereinafter "Plaintiff") residing at
27       300 Westline Drive #A112, Alameda, California 94501, in support of the causes of action
28       and facts asserted in this complaint against San Francisco Bay Area Rapid Transit

EMPLOYMENT DISCRIMINATION, TITLE VII OF CIVIL RIGHTS ACT OF 1964, AND 42 U.S. CODE §
2000E-5, 42 U.S.C. § 2000E-5(G)
                                    - 1 -

District (BART), Rebecca Saltzman, President BART Board of Directors, Robert Powers, General Manager BART, Veronica Thomas, Director of Human Resources BART, Aleric Degrafinried, Assistant General Manager Administration BART. (hereinafter "Defendants") **Defendants address is as follows; 2150 Webster Street, Oakland, California 94612.**

2.  Plaintiff contends that his religious freedom and rights under the US Constitution, United States Law and State of California Law were violated by the Defendant, and that the Defendants ignored his "sincerely held religious beliefs" when they terminated his employment in an arbitrary and capricious manner after the Plaintiff refused to be vaccinated when the Defendants illegally and wrongfully instituted an order for all employees to be vaccinated when the Defendants mandated a COVID-19 Vaccine.

3.  Plaintiff contends that he was denied due process in violation of US Constitution, United States Law, State of California Law, and the Defendants own policies.

4.  Plaintiff comes before this court to request and seek remedy and injunctive relief and compensation for damages, lost wages, lost retirement income and compensation for pain and suffering arising from Defendants' actions.

## JURISDICTION

5.  This court has jurisdiction pursuant to 42 U.S. Code § 2000e5. This court has supplemental jurisdiction over state claims. At all times material to this lawsuit the Defendant was and is a registered company in Alameda County in the State of California. The material events alleged in this Complaint occurred in Alameda County,

## PARTIES

6. At all times mentioned herein Plaintiff, Bradford Mitchell, was an employee of Defendant, San Francisco Bay Area Rapid Transit District (BART), was and still is a resident of the State of California and a citizen of the United States of America. At all times mentioned herein Defendant, San Francisco Bay Area Rapid Transit District (BART) was and is a corporation within Alameda County within the State of California. At all times mentioned herein Defendant, Rebecca Saltzman, was President BART BOD, being sued in her official capacity. At all times mentioned herein Defendant, Robert Powers, was and is General Manager BART, being sued in his official capacity. At all times mentioned herein Defendant, Veronica Thomas, was and is Director of Human Resources BART, being sued in her official capacity. At all times mentioned herein Defendant, Aleric Degrafinried, was and is Assistant General Manager Administration BART, being sued in his official capacity.

## FACTS

7. Plaintiff was hired on July 3rd, 2017, and worked for Defendants for 4.67 years. Plaintiff had a good relationship with the company and always performed his job with outstanding results.

8. Plaintiff had good annual performance reviews during this time and planned to work for Defendants 10 years before considering retiring.

9. On October14th, 2021 BART's Board of Directors voted on and approved a Mandate that all BART employees, BART's Board and Contractors to be vaccinated. The Defendants stated policy required that "all BART employees and Board members shall be fully vaccinated against COVID-19 by December 13, 2021, with exceptions made only for

EMPLOYMENT DISCRIMINATION, TITLE VII OF CIVIL RIGHTS ACT OF 1964, AND 42 U.S. CODE § 2000E-5, 42 U.S.C. § 2000E-5(G)

- 3 -

those who qualify for a Reasonable Accommodation or Religious Exemption" See Exhibit 01.

10. BART granted zero Religious Exemptions and Accommodations. See Exhibit 02.

11. Plaintiff participated in Defendants Religious Exemption process, submitting Defendants approved form on December 12, 2021. See Exhibit 03.

12. Plaintiff was denied a Religious Exemption and Accommodation (hereinafter REAA) on December 20th, 2021, as was in the Defendants ability to grant. See Exhibit 04.

13. Plaintiff submitted a second REAA on January 12, 2022, via email letter. See Exhibit 05.

14. Plaintiff articulated his sincerely held religious beliefs stating that, he was "created by God with an immune system that protects his body" and that his "body is the temple of God and the Holy Spirit". These beliefs were communicated to the Defendant, a request for accommodation was sought, and that request was denied by the Defendant. See Exhibit 05.

15. Plaintiff was denied REAA a second time and given the same non-specific response again. See exhibit 06.

16. Plaintiff was scheduled for a Pre-Termination hearing by the Defendant, See Exhibit 07.

17. Plaintiff requested documents and witness testimony of BART Manager of Leave Programs, Rod Maplestone at hearing. See Exhibit 08.

18. Defendant denied Plaintiff access to Rod Maplestone and to have Mr. Maplestone available for questioning at hearing, Plaintiff was told that the information on the deliberative process of Mr. Mitchells REAA request was not available, when in fact it was available. See Exhibit 09, Plaintiff was also told that data regarding the Defendant's

approval and denials of Religious Exemption and Accommodation requests made by other employees was not kept and therefore not available to the Plaintiff to aid in Plaintiffs defense at the hearing. See Exhibit 02

19. Plaintiff was given a Pre-Termination hearing On February 22, 2022, by the Defendants, but was denied due process and the ability to properly represent himself at that hearing in violation of the US Constitution and the Defendants own policies. See Exhibits 02, 09,10.

20. Plaintiff was notified on March 02, 2022, that he had been terminated and that the Hearing Officer, Paula Fraser had upheld the Defendants (BART et al) decision to Terminate the Plaintiff. See Exhibit 11.

21. Plaintiff was wrongfully terminated on March 3rd, 2022, by Defendant for his religious beliefs.

22. Defendant offered the REAA process as a pretext to force the plaintiff and other employees of the Defendant to submit to a vaccine solely for the purpose of attaining one hundred percent vaccination rate amongst the Defendant's employees. The Defendant did not grant one REAA for any of the Defendants' employees. See Exhibit 02.

23. Plaintiff was instructed by the Defendant that an administrative appeal process was available to the Plaintiff and that the Plaintiff had 15 days to notify the Defendant of his intention to appeal the termination decision. See Exhibit 12.

24. Plaintiff notified Defendant by written notice of his intent to appeal the termination decision. See Exhibit 13.

25. Defendant notified Plaintiff by email of date for appeal hearing. See Exhibit 14.

26. On April 08, 2022, Plaintiff appeared at Defendants place of business to attend the scheduled appeal hearing.

EMPLOYMENT DISCRIMINATION, TITLE VII OF CIVIL RIGHTS ACT OF 1964, AND 42 U.S. CODE § 2000E-5, 42 U.S.C. § 2000E-5(G)

27. To date Defendant has failed to notify Plaintiff of the results of the appeal.  Plaintiff must conclude that the appeal was also a sham and that the Defendant did not follow their own due process rules.

28. Plaintiff exhausted administrative remedies through EEOC, and Plaintiff received Right to Sue Letter on September 23, 2022, and therefore comes to this court for relief. See Exhibit 15,

## FIRST CAUSE OF ACTION
## RELIGIOUS DISCRIMINATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## (Plaintiff Against all Defendants)

29. As a separate and distinct cause of action, Plaintiff complains and reallege all of the allegations in the paragraphs above as fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

30. Plaintiff was prejudicially terminated on March 3rd, 2022, by defendants for his religious beliefs in violation of 42 U.S. Code § 1983, Government Code § 12940(a).

31. At all times relevant herein, 42U.S. Code § 1983, Government Code § 12940(a) were in full affect, and were binding upon Defendants, said laws prohibit an employer from discriminating against an employee based on religion/or religious creed.

32. As is set forth above and herein, Plaintiff had sincere religious belief(s) that precluded the Plaintiff from complying with the Defendants unlawful COVID-19 Vaccine Mandate.

33. At all times relevant herein Plaintiff alleges that Defendants were aware of the Plaintiff's sincerely held religious belief(s) and that the Plaintiff made the Defendants aware of those beliefs on two separate occasions.

34. Plaintiff asserts his long held and good faith religious belief(s) was the substantial motivating factor in Defendants decision to terminate Plaintiff's employment.

35. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer substantial losses in earnings and other employment benefits in an amount to be determined at trial according to proof.

36. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress, and mental pain and anguish, all to Plaintiff's damage in an amount to be determined at trial according to proof.

37. In doing the acts herein alleged, Defendants, and each of them, acted with oppression, fraud, and malice, and in conscious disregard of Plaintiff's rights and therefore Plaintiff is therefore entitled to punitive damages pursuant to California Civil Code section 3294 in an amount to be determined at trial according to proof.

38. Plaintiff has also incurred and continues to incur legal expenses and is entitled to reasonable costs of suit as provided in Government Code Section 12965(b) and such other statutory and common law provisions, to be determined at trial according to proof.

## SECOND CAUSE OF ACTION
## FAILURE TO ACCOMODATERELIGIOUS BELIEFS OR OBSERVATIONS
## GOVERNMENT CODE § 12940(i)
## (PLAINTIFF AGAINST ALL DEFENDANTS)

39. As a separate and distinct cause of action, Plaintiff complains and reallege all of the allegations in the paragraphs above as fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

40. At all times relevant herein, Government Code Section 12940(a) et. seq. was in full force and effect and was binding upon Defendants. Said section makes it unlawful for an employer to discriminate against an employee on the basis of religion, religious creed.

41. As is set forth above and herein, Plaintiff had sincere religious belief(s) that precluded the Plaintiff from complying with the Defendants unlawful COVID-19 Vaccine Mandate. At all times relevant herein the Defendants were aware of the Plaintiff's sincerely held belief(s) and request for Religious Accommodation.

42. As set forth more fully above and herein, Defendants discriminated, harassed, and failed to accommodate the Plaintiff's good faith religious belief(s), and took adverse employment actions against Plaintiff, to include termination.

43. Defendants had determined to deny virtually all requests for a religious exemption and accommodation regardless of the information provided in response to their requests. Defendants were never going to provide reasonable accommodation to the Plaintiff regardless of the facts and circumstances that existed which required an accommodation to be offered.

44. Plaintiff's assertion of his long held and good faith religious beliefs was the substantial motivating factor in Defendants decision to terminate Plaintiff's employment.

45. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer substantial losses in earnings and other employment benefits in an amount to be determined at trial according to proof.

46. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress, and mental pain and anguish, all to Plaintiff's damage in an amount to be determined at trial according to proof.

47. In doing the acts herein alleged, Defendants, and each of them, acted with oppression, fraud, and malice, and in conscious disregard of Plaintiff's rights and therefore Plaintiff is therefore entitled to punitive damages pursuant to California Civil Code section 3294 in an amount to be determined at trial according to proof.

## THIRD CAUSE OF ACTION
## FOR VIOLATION OF DUE PROCESS
## U.S.CONSTITUTION FOURTEENTH AMENDMENT, DEFENDANTS OWN POLICIES
### (Plaintiff against all Defendants)

48. As a separate and distinct cause of action, Plaintiff complains and reallege all of the allegations in the paragraphs above as fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

49. Defendant failed to accord the Plaintiff due process and engage in an "Interactive Process" to review, objectively evaluate and process the Defendants request for a Religious Exemption and Accommodation.

50. Defendant failed to accord the Plaintiff due process and right of appeal of the Plaintiff's termination decision, in violation of the US Constitutions Fifth Amendment and the Plaintiff's own policies allowing the Defendant to appeal the decision to terminate the Plaintiff. In fact, the appeal was a sham and the Defendants appeal board members had no intention of seriously considering the Plaintiff's concerns, evidence and arguments to reverse the decision to terminate. The Defendant never informed the Plaintiff of the results of the appeal.

51. Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Yes_____     No _____

EMPLOYMENT DISCRIMINATION, TITLE VII OF CIVIL RIGHTS ACT OF 1964, AND 42 U.S. CODE § 2000E-5, 42 U.S.C. § 2000E-5(G)

- 9 -

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for declaratory relief and judgment as follows:

1.  For injunctive relief requiring Defendants, San Francisco Bay Area Rapid Transit

    District to refrain from further discriminatory acts and reinstatement of plaintiff to the

    position from which he was wrongfully terminated.

2. Actual damages in a sum to be ascertained at trial.

3. Exemplary and punitive damages in an amount within the jurisdiction of this Court.

4. Costs of suit, and fees as permitted under 42 U.S.C. Section 2000e-5(g).

DATED _11/7/2022_        _Bradford Mitchell_

SIGNATURE OF PLAINTIFF

_Bradford Mitchell_

PLAINTIFF'S NAME, *in pro se*

# EXHIBIT O1



**Coronavirus Pandemic – (COVID-19)**

---

**Statement of Policy:**

The Coronavirus Pandemic of 2019 ("COVID-19") has brought tremendous challenges to the San Francisco Bay Area Rapid Transit District ("BART"). Since the national emergency shutdown in March 2020, when ridership dropped below 5%, BART has lost over 20,960 days of productivity and had 2,377 employees use pandemic related leave demonstrating the breathtaking toll the pandemic has had on our staff and service. Those effects continue as we face challenges with the Delta variant increasing the transmissibility of the disease. In response to the pandemic and its variants, numerous federal, state, and local entities, including three of the four largest counties in the Bay Area, have implemented vaccination requirements to protect workers and the public.

Whereas in winter 2020 BART saw between a three- and nine-fold increase in cases, and the current prevalence of the Delta variant causing positive cases at a 54% higher rate for unvaccinated employees, BART must take responsible action to protect our ability to function. BART has a duty to provide a safe and healthy workplace, consistent with COVID-19 public health guidance and legal requirements, to protect its employees and the public as services reopen and more employees return to workplaces.

According to the federal Centers for Disease Control and Prevention ("CDC"), the California Department of Public Health ("CDPH"), and County Health Officers, COVID-19 continues to pose a risk, especially to individuals who are not fully vaccinated, and certain safety measures remain necessary to protect against COVID-19 cases and deaths. Vaccination is the most effective way to prevent transmission and limit COVID-19 hospitalizations and deaths. Unvaccinated employees are at greater risk of contracting and spreading COVID-19 within the workplace and BART facilities, as well as to the public that depends on our services.

Therefore, all BART employees and Board members shall be fully vaccinated against COVID-19 by December 13, 2021, with exceptions made only for those who qualify for a Reasonable Accommodation or a Religious Exemption. The Board also directs the General Manager to bargain over the policy and impacts of this decision prior to the requested implementation of the policy on December 13, 2021. During this time the Board directs BART to prioritize culturally competent outreach and conduct an education campaign for the remaining unvaccinated population. Finally, the Board directs the General Manager to implement vaccination requirements for consultants and contractors who perform work on BART property.

# EXHIBIT O2

This CPRA request is hereby made for the following records: Vaccine Mandate Exemptions and Accommodations:

| | |
|---|---|
| 1. Please provide the number of all BART District employees who requested an exemption to the mandatory vaccine policy from October 14, 2021 through February 16, 2022. | 204 |
| a. How many employees requested a medical exemption? | 25 |
| b. How many employees requested a religious exemption? | 179 |
| 2. Please provide the number of all BART District employees who were granted an exemption to the mandatory vaccine policy from October 14, 2021 through February 16, 2022. | 78 |
| a. How many of these employees were granted a medical exemption? | 8 |
| b. How many of these employees were granted a religious exemption? | 70 |
| 3. Please provide the number of all BART District employees who received an accommodation based on their granted exemption to the mandatory vaccine policy from October 14, 2021 through February 16, 2022. | 8 |
| a. How many of these employees were granted accommodations based on a medical exemption? | 8 |
| a(2). Pending medical request still under review | 1 |
| b. How many of these employees were granted accommodations based on a religious exemption? | 0 |

# EXHIBIT O3


**BART**

**EMPLOYEE REQUEST FOR
RELIGIOUS EXEMPTION
(COVID-19 Vaccination)**

| | Date of Request | 12/12/2021 |
|---|---|---|
| **Employee Name** | | **Employee ID Number** |
| Bradford Mitchell | | 063467 |
| **Job Title** | | **Email Address** |
| RSS Maintenance Superintendent | | bmitche@bart.gov |
| **Union (or Non-Rep)** | | **Supervisor/Manager** |
| Non-Rep | | Leonardo Pica |

The San Francisco Bay Area Rapid Transit District ("District") is committed to equal employment opportunities for all employees and a work environment that is free of unlawful harassment, discrimination, and retaliation. Consistent with this commitment, the District complies with all laws protecting employees' religious beliefs, practices, and observances. When requested, the District will provide an exemption or reasonable accommodation for employees' sincerely held religious beliefs, practices, and observances, which prohibit the employee from receiving a COVID-19 vaccination, provided the accommodation is reasonable, the employee is able to perform the essential functions of their job, and the accommodation does not create an undue hardship for the District or pose a direct threat to the health and/or safety of the employee or others in the workplace.

As voted on by the Board of Directors on October 14, 2021, a Statement of Policy was approved mandating that all employees and Board members be fully vaccinated against COVID-19 by December 13, 2021, with exceptions made only for those who qualify for a Reasonable Accommodation or Religious Exemption.

A religious exemption may be considered for any District employee who: (1) holds a sincere religious belief that conflicts with the vaccination requirement, (2) completes this request form, and (3) provides any information needed to support the exemption request.

## EMPLOYEE CERTIFICATION

I request an exemption from the District policy requiring COVID-19 vaccinations for all District employees. I make this request based on my sincerely held religious belief(s), practice(s), or observance(s). My beliefs are in conflict with the vaccination requirement, and I certify the following is true:

| |
|---|
| 1. My religion or belief system is (enter description): I am a Baptized Christian |
| 2. I have held this belief(s) system, or practiced and observed this religion since (enter date or year): 1976 |
| 3. My religion, belief system, or practice requires me to abstain from the COVID-19 vaccination because (describe the specific tenet, practice, or observation that conflicts with the COVID-19 vaccination requirement and/or explain how you follow it): My Faith and Christian Church teaches that a person may be required to refuse medical intervention, including a vaccination, if his or her conscience comes to this judgement. |



**EMPLOYEE REQUEST FOR**
**RELIGIOUS EXEMPTION**
**(COVID-19 Vaccination)**

4. If your religion, belief system, or practice requires you to abstain from the COVID-19 vaccination, but not other types of vaccinations, please describe the specific tenet, practice, or observation that expressly conflicts with the COVID-19 vaccination (attach a separate sheet if needed).

Vaccination is not morally obligatory in principle and so must be voluntary. A persons assessment of whether the benefits of a medical intervention outweigh the undesirable side-effects are to be respected unless they contradict the Bible's moral teachings. A Christian is morally required to obey his or her conscience.

5. If your request for a religious exemption to the District's COVID-19 vaccine mandate were to be granted, please indicate what you would request as a reasonable accommodation that would enable you to perform the essential functions of your job without posing a direct threat to the health and/or safety of others in the workplace.

The reasonable accomodation I request is to continue to follow District protocols I have been observing since 2020, 1. Wear a mask at all times while on District property, (except when I am in my office alone.) 2. Social distance from other employees whenever practical, as I have been observing as part of District policy since 2020. 3. Using hand sanitizer and washing hands often while on district property, as I have been observing per District policy since 2020. If the District requires it, submit weekly COVID-19 Tests, showing a negative result, as OSHA's Vaccine Mandate policy allows.

6. Please provide a written statement, an affidavit or other documents from a religious leader, or other person describing my beliefs and practices, including information regarding when I embraced the belief or practice, as well as when, where, and how I have adhered to the belief, practice, observance.

I hereby certify that I make this request based on my sincerely held religious beliefs that prevent me from complying with COVID-19 vaccination requirements. I understand that any falsified information can lead to disciplinary action, up to and including termination of employment.

I also understand that my request for an accommodation may not be approved if it is not reasonable, if I am unable to perform the essential functions of my job, if it poses a direct threat to the health and/or safety of others in the workplace and/or me, or if it creates an undue hardship for the District.

_Bradford Mitchell_                                      12/12/2021
Employee Signature                                        Date

Please note that this information will be maintained in a separate confidential file from your personnel file and access will be limited only to those with a need-to-know.

FOR LEAVE MANAGEMENT USE ONLY

Date Received: ___/___/_____          Documentation Included? ☐YES ☐NO

Date Documentation Received: ___/___/_____

# EXHIBIT O4



**From:** Rod Maplestone <rmaples@bart.gov>
**Sent:** Tuesday, December 21, 2021 9:27 AM
**To:** Bradford Mitchell <BMitche@bart.gov>
**Subject:** RE: Eligible to Return to Work

Hi Bradford,

Your religious exemption has been denied. You must select one of the option listed on the denial letter within the 7-day period or the District will move to separate you from employment. You are able to work during the 7-day period. Thank you.

**Rod Maplestone**
**Manager, Leave Programs**
Human Resources Department
2150 Webster St.
Office: 510-464-6198
Mobile: 206-498-5008
Fax:510-464-7511
Email rmaples@BART.gov



**From:** Bradford Mitchell <BMitche@bart.gov>
**Sent:** Tuesday, December 21, 2021 7:58 AM
**To:** Rod Maplestone <rmaples@bart.gov>
**Subject:** Fwd: Eligible to Return to Work

Rod,
Does this mean my Religious exemption was approved? What does this mean?
Regards

Bradford Mitchell
RSS-Maintenance Superintendent-Richmond Shop
San Francisco Bay Area Rapid Transit District
Richmond Shop
1101 13th Street
Richmond, CA 94801
P-520-421-5530
C-510-506-4500
Bmitche@bart.gov

Begin forwarded message:

> **From:** Human Resources COVID 19 TEAM <HRCOVID19@bart.gov>
> **Date:** December 20, 2021 at 3:29:07 PM PST

**To:** Leonardo Pica <LPica@bart.gov>
**Cc:** HR Disability Program <HRDP@bart.gov>, Bradford Mitchell <BMitche@bart.gov>
**Subject: Eligible to Return to Work**

Hello,

**Bradford Mitchell** is now eligible to return from administrative leave. Please reach out to them to about returning to work. If they request leave for any time during the next seven days, it should be granted in accordance with the vaccine policy.  If you have any questions, please contact Labor Relations.

Sincerely,

**Leave Management**

Thank you,

Kelly Harrison
Human Resources | HR COVID-19 Team Member
San Francisco Bay Area Rapid Transit District
Phone: (510) 287-4779 | hrcovid19@bart.com



**B A R T**

**San Francisco Bay Area Rapid Transit District**
2150 Webster Street, Oakland, CA 94612

## SENT VIA EMAIL/US MAIL

December 20, 2021

Bradford Mitchell
PO Box 1666
Richmond, CA 94802
bmitche@bart.gov

### SUBJECT: Denial—COVID-19 Vaccine Mandate Religious Exemption Request

Dear Bradford,

We have reviewed your request for a religious exemption to the COVID-19 vaccination mandate under Title VII of the Civil Rights Act of 1964. **After careful review and consideration of the information provided, your request is denied**. The denial is objectively supported by one or more of the following factors: 1) the reasons cited in support of the request were primarily for secular/non-religious reasons, 2) a clear nexus between the request and the stated religious beliefs was not established, 3) evidence of behaviors inconsistent with adherence to the stated beliefs exists, and/or 4) the timing of your request as it relates to adoption of the stated beliefs. Please note that this determination is supported by guidelines put forth by the Equal Employment Opportunity Commission (EEOC).

As a result, you have the following options:

### OPTION #1:

**Comply with the Vaccine Mandate –** If you opt to receive the vaccine, you may request enough time to become fully vaccinated in time to return to work after December 13, 2021. Doing so would delay any termination proceedings so long as you provide evidence of having received a vaccination shot within seven (7) days of today's date. Please submit your proof, including evidence of receiving the first dose of a two-dose vaccine, to vaccine@bart.gov.

### OPTION #2:

**Service Retirement** – Because you are a member of the California Public Employee's Retirement System (CalPERS), you may contact Arne Stokstad at 510.464.6206 or astokst@bart.gov to determine if you are eligible for a service retirement and, if so, apply for a service retirement. You may also directly contact CalPERS at 888.225.7377 for more information regarding your retirement options.

**OPTION #3:**

**Voluntary Resignation** – If you are not eligible for or do not wish to pursue retirement, you have the option to voluntarily resign from your position. You may submit your written resignation to Leave Management – Human Resources at 2150 Webster Street – 4th Floor, Oakland, CA 94612 or to your immediate Supervisor.

**OPTION #4:**

**Take no Action** – if you do not elect to pursue retirement or voluntarily resign, and do not provide proof of vaccination or proof of receiving the first shot of a two-dose vaccine, within seven (7) days of this letter by December 13, 2021, you will be out of compliance with the District's vaccine mandate and the District will seek termination of your employment. If the District pursues this option, you will be notified separately of the details of your pre-disciplinary hearing.

This closes your request for a religious exemption to the COVID-19 vaccine mandate. If you have any questions or need further clarification, please contact me at 510.464.6198 or HRDP@bart.gov.

**COMPLAINT PROCEDURE:** Employees who believe they have been discriminated against, including being denied a valid request for religious exemption or reasonable accommodation, may file a formal complaint with the District's Office of Civil Rights (OCR). OCR investigates complaints of employment discrimination based on protected statuses covered under the District's Equal Employment Opportunity (EEO) Policies. Employees should immediately report the prohibited conduct to OCR at eeocomplaint@bart.gov.

Sincerely,

*Rod Maplestone*
**Rod Maplestone**
**Manager of Leave Programs**

CC:     Leave Management Confidential File

# EXHIBIT O5

**Request for Religious Exemption from BART's Vaccine Mandate, Bradford Mitchell Second Request 1-11-2022**

Bradford Mitchell <BMitche@bart.gov>

Wed 1/12/2022 8:14 PM

To: Rod Maplestone <rmaples@bart.gov>

Cc: Michael Hourani <michael.hourani@bart.gov>; Kay Tate <KTate1@bart.gov>; Sam Dawood <SDawood@bart.gov>

Bcc: bradford@acninc.net <bradford@acninc.net>

Mr Rod Maplestone,

This letter is to inform you of the following.

I am exempt from BART's vaccine mandate because the mandate conflicts with my religious beliefs.  It is my sincerely held religious belief that God created me with an immune system that protects my body.  My body is the temple of God and the Holy Spirit, and it is against me religious beliefs to allow the vaccines that you are mandating to enter my body.

As this is my sincerely held religious belief, I am exempt from BART,s mandate and cannot be discriminated against based on my religion and my religious beliefs.  Title VII of the 1964 Civil Rights Act prohibits employers from discriminating against employees based on Religion.

As a reasonable accommodation I am willing to continue the following.
1. Wear a mask at all times while on BART property except when I am in my office alone.

2. Continue to social distance from other employees when I am not in my office.

3. Continue to sanitize/wash my hands throughout the workday.

These accommodations do not present an undue hardship to BART as I have been doing items 1,2 and 3 for the past 30 months while on BART property.  Again, under Title VII of the 1964 Civil Rights Act, no employee shall be discriminated against based on religion.

Sincerely


Bradford Mitchell



Bradford Mitchell
RSS-Maintenance Superintendent-Richmond Shop
San Francisco Bay Area Rapid Transit District
Richmond Shop
1101 13th Street

This letter is to inform you of the following.

I am exempt from BART's vaccine mandate because the mandate conflicts with my religious beliefs. It is my sincerely held religious belief that God created me with an immune system that protects my body. My body is the temple of God and the Holy Spirit, and it is against me religious beliefs to allow the vaccines that you are mandating to enter my body.

As this is my sincerely held religious belief, I am exempt from BART,s mandate and cannot be discriminated against based on my religion and my religious beliefs. Title VII of the 1964 Civil Rights Act prohibits employers from discriminating against employees based on Religion.

As a reasonable accommodation I am willing to continue the following.
   1. Wear a mask at all times while on BART property except when I am in my office alone.

   2. Continue to social distance from other employees when I am not in my office.

   3. Continue to sanitize/wash my hands throughout the workday.

These accommodations do not present an undue hardship to BART as I have been doing items 1,2 and 3 for the past 30 months while on BART property. Again, under Title VII of the 1964 Civil Rights Act, no employee shall be discriminated against based on religion.

Sincerely


Bradford Mitchell




Bradford Mitchell
RSS-Maintenance Superintendent-Richmond Shop
San Francisco Bay Area Rapid Transit District
Richmond Shop
1101 13th Street
Richmond, CA 94801
P-520-421-5530
C-510-506-4500
Bmitche@bart.gov

# EXHIBIT O6

| | |
|---|---|
| **From:** | Rod Maplestone |
| **To:** | Bradford Mitchell |
| **Cc:** | Michael Hourani; Kay Tate; Sam Dawood |
| **Subject:** | RE: Request for Religious Exemption from BART's Vaccine Mandate, Bradford Mitchell Second Request 1-11-2022 |
| **Date:** | Thursday, January 13, 2022 12:58:00 PM |
| **Attachments:** | Religious Exemption Denial Letter - 12.20.2021 Mitchell, Bradford.pdf<br>image001.png |

Hi Bradford,

I am responding to your follow up request with the attachment titled, "2nd Religious Exemption Request Bradford Mitchell." I am unable to open documents in HEIC format.

Unfortunately, you do not have the option to re-apply for your religious exemption, as your request has already been considered and a determination has been made. Please refer back to the letter sent to you on December 20, 2021, explaining your options. I have attached a copy for your review.

As stated in the December 20, 2021 letter, if you believe you have been discriminated against, including being denied a valid request for religious exemption or reasonable accommodation, you may file a formal complaint with the District's Office of Civil Rights (OCR), which I believe you did. The OCR investigates complaints of employment discrimination based on protected statuses covered under the District's Equal Employment Opportunity (EEO) Policies.

Thank you.

**Rod Maplestone**
**Manager, Leave Programs**
Human Resources Department
2150 Webster St.
Office: 510-464-6198
Mobile: 206-498-5008
Fax:510-464-7511
Email rmaples@BART.gov



**From:** Bradford Mitchell <BMitche@bart.gov>
**Sent:** Wednesday, January 12, 2022 8:15 PM
**To:** Rod Maplestone <rmaples@bart.gov>
**Cc:** Michael Hourani <michael.hourani@bart.gov>; Kay Tate <KTate1@bart.gov>; Sam Dawood <SDawood@bart.gov>
**Subject:** Request for Religious Exemption from BART's Vaccine Mandate, Bradford Mitchell Second Request 1-11-2022

Mr Rod Maplestone,



**San Francisco Bay Area Rapid Transit District**
2150 Webster Street, Oakland, CA 94612

**SENT VIA EMAIL/US MAIL**

December 20, 2021

Bradford Mitchell
PO Box 1666
Richmond, CA 94802
bmitche@bart.gov

**SUBJECT: Denial—COVID-19 Vaccine Mandate Religious Exemption Request**

Dear Bradford,

We have reviewed your request for a religious exemption to the COVID-19 vaccination mandate under Title VII of the Civil Rights Act of 1964. **After careful review and consideration of the information provided, your request is denied**. The denial is objectively supported by one or more of the following factors: 1) the reasons cited in support of the request were primarily for secular/non-religious reasons, 2) a clear nexus between the request and the stated religious beliefs was not established, 3) evidence of behaviors inconsistent with adherence to the stated beliefs exists, and/or 4) the timing of your request as it relates to adoption of the stated beliefs. Please note that this determination is supported by guidelines put forth by the Equal Employment Opportunity Commission (EEOC).

As a result, you have the following options:

**OPTION #1:**

**Comply with the Vaccine Mandate –** If you opt to receive the vaccine, you may request enough time to become fully vaccinated in time to return to work after December 13, 2021. Doing so would delay any termination proceedings so long as you provide evidence of having received a vaccination shot within seven (7) days of today's date. Please submit your proof, including evidence of receiving the first dose of a two-dose vaccine, to vaccine@bart.gov.

**OPTION #2:**

**Service Retirement** – Because you are a member of the California Public Employee's Retirement System (CalPERS), you may contact Arne Stokstad at 510.464.6206 or astokst@bart.gov to determine if you are eligible for a service retirement and, if so, apply for a service retirement. You may also directly contact CalPERS at 888.225.7377 for more information regarding your retirement options.

**OPTION #3:**

**Voluntary Resignation** – If you are not eligible for or do not wish to pursue retirement, you have the option to voluntarily resign from your position. You may submit your written resignation to Leave Management – Human Resources at 2150 Webster Street – 4th Floor, Oakland, CA 94612 or to your immediate Supervisor.

**OPTION #4:**

**Take no Action** – if you do not elect to pursue retirement or voluntarily resign, and do not provide proof of vaccination or proof of receiving the first shot of a two-dose vaccine, within seven (7) days of this letter by December 13, 2021, you will be out of compliance with the District's vaccine mandate and the District will seek termination of your employment.  If the District pursues this option, you will be notified separately of the details of your pre-disciplinary hearing.

This closes your request for a religious exemption to the COVID-19 vaccine mandate.  If you have any questions or need further clarification, please contact me at 510.464.6198 or HRDP@bart.gov.

**COMPLAINT PROCEDURE:** Employees who believe they have been discriminated against, including being denied a valid request for religious exemption or reasonable accommodation, may file a formal complaint with the District's Office of Civil Rights (OCR). OCR investigates complaints of employment discrimination based on protected statuses covered under the District's Equal Employment Opportunity (EEO) Policies. Employees should immediately report the prohibited conduct to OCR at eeocomplaint@bart.gov.

Sincerely,

*Rod Maplestone*
**Rod Maplestone**
**Manager of Leave Programs**

CC:     Leave Management Confidential File

# EXHIBIT O7



**B A R T**

**SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT**
300 Lakeside Drive, P.O. Box 12688
Oakland, CA 94604-2688
(510) 464-6000

**2021**

Mark Foley
PRESIDENT

Rebecca Saltzman
VICE PRESIDENT

Robert Powers
GENERAL MANAGER

DIRECTORS

Debora Allen
1ST DISTRICT

Mark Foley
2ND DISTRICT

Rebecca Saltzman
3RD DISTRICT

Robert Raburn, Ph.D.
4TH DISTRICT

John McPartland
5TH DISTRICT

Elizabeth Ames
6TH DISTRICT

Lateefah Simon
7TH DISTRICT

Janice Li
8TH DISTRICT

Bevan Dufty
9TH DISTRICT

www.bart.gov

Date:          December 30, 2021

To:            Bradford Mitchell
               P.O. Box 1666
               Richmond, CA  94802

From:          Human Resources Department

Subject:       Notice of Charges and Proposed Disciplinary Action- Termination

This shall constitute Notice of Charges and Proposed Disciplinary Action.  As set forth herein the District has determined that the appropriate level of discipline is termination.

The recommendation for this disciplinary action is based on the following:

Violation(s):

- Employee Vaccine Policy
  - Must be fully vaccinated by December 13, 2021
  - Must submit proof of full vaccination by December 13, 2021
- Operations Rules & Procedures ("OR&P") – Section 1303
  - "Employees shall, while on duty, perform all tasks assigned or directed by proper authority."

**Disciplinary Hearing Information:**

In accordance with Chapter IV A.8 of the Non-Represented Employee Handbook a disciplinary hearing has been scheduled at which time the District will seek a termination of your employment.

Date:          Friday, January 7, 2022
Time:          11:00 a.m.
Location:      2150 Webster St.  1st Floor Conference Room
Hearing Officer:    Travis Engstrom, Director of Technology
Arrival Instructions:  HR representative, Rosalind Bolds will meet you in the lobby of the building.  Please arrive 5 minutes early.

Please advise Rosalind Bolds, Manager of Talent Acquisition at rbolds@bart.gov immediately if it is your intention to have counsel during this hearing.  Please note that, the hearing will be held on the appointed date and time irrespective of your attendance.

***Statement of Facts and Notifications***

1. On October 14, 2021, the Board of Directors required all BART Employees to be fully vaccinated against COVID-19 **and** submit proof of that vaccination information by December 13, 2021.

2. On October 18, 2021, the District sent an email to all employees informing them of this decision and provided an outline of dates that employees needed to receive their vaccinations to become compliant. In addition, the Board also allowed any employee to file for an exemption to the policy for medical or religious reasons under state and federal law.

3. On October 22, 2021, the District sent a notification via U.S. mail advising that you remain unvaccinated (**See Attached**).

4. On November 10, 2021, the District put on a vaccine education webinar to help answer questions and educate participants who may be considering vaccination. Advance notices were provided at the webinar for the onsite vaccination clinics held on December 2, 2021.

5. On November 16, 2021, the District sent a follow-up district-wide announcement reminding everyone of the deadline and again providing information on submitting proof and resources to help get vaccinated.

6. On November 26, 2021, you were notified that you remained unvaccinated and again received information on how to find vaccines, access to on-site vaccine clinics, and information for submitting your proof of vaccination. (**See Attached**)

7. On December 2, 2021, the District offered Non-Represented employees two options in lieu of discipline, who decided not to be vaccinated. Both these options provided unvaccinated employees the ability to lessen the impact of termination.

8. On December 6, 10 &13, 2021, the District sent out reminders (via Employee Connect and district wide announcement) regarding the vaccine mandate.

9. On December 6 & 10th, 2021, you received a direct notice notifying you that you were still non-compliant of the vaccine mandate (**See Attached**).

10. On December 11, 2021, the District received your Religious Exemption request form.

11. On December 20, 2021, you received a direct notice via email and U.S. mail denying your COVID-19 Vaccine Mandate Religious Exemption Request which indicated you had seven (7) day to show proof of vaccination, retire or resign.

***Conclusion***

You have not met a condition of employment to get fully vaccinated. Additionally, you have not provided proof of vaccination prior to the deadline, a separate violation of the Board's policy. Your non-compliance with the Board's policy creates a continued health risk to yourself, co-workers, and the public.

It also violates the Board's Vaccination Policy and the Operations Rules & Procedures Manual (OR&P). Given your decision to remain unvaccinated, despite nine months of vaccine eligibility, access to vaccines at work on double-digit occasions, and multiple non-monetary incentives, there seems to be no other action that would cause you to vaccinate yourself under public health recommendations and the Board of Director's intentions. Therefore, the District intends to terminate your employment.

The District intends to convene a Pre-Disciplinary hearing before a District Hearing Officer, pursuant to Chapter IV A.8 of the Non-Represented Employee Handbook within three (3) calendar days of the issuance of this letter, or at a mutually agreeable time. If you choose, you are entitled to representation, but the District will present its case irrespective of whether you have representation. If you do not show up for the hearing or present any evidence, a determination will be made on these claims based on evidence presented by the District.

If at any point before the pre-disciplinary hearing you become fully vaccinated or begin the vaccination process, please notify Human Resources Leave Management or the HR-COVID-19 teams at (510) 464-6219.

cc:  Leo Pica, Asst. Chief Mechanical Officer
     Veronica Thomas, Director of Human Resources
     Personnel File

# EXHIBIT O8

February 2, 2022


Bradford Mitchell
PO Box 1666
Richmond, California 94802


Rosalind Bolds
Manager of Talent Acquisition
San Francisco Bay Area Rapid Transit District
2150 Webster Street, 4th Floor (BHQ-4)
Oakland, California 94612

Sam N. Dawood
Legal Counsel
San Francisco Bay Area Rapid Transit District
2150 Webster Street,
Oakland, California 94612


Re:     **Disciplinary Action (Termination) ICO: Bradford Mitchell**


Mr. Dawood, and Ms. Bolds.
In preparation to defend myself during the disciplinary hearing scheduled for February 11th,
2022, at 11:00am, I have reviewed the Notice of Charges dated 14DEC21 and 30DEC21 and I
make the following request for documents to prepare myself for the hearing.

1. **Employee Vaccine Policy-** documentation that Mr. Mitchell was informed and
   received a copy of this policy including any signed forms by Mr. Mitchell attesting to
   his receiving the policy.
2. **Copy of BART's Board of Directors Vaccine Mandate** – Including the minutes of
   the Board proceedings approving this mandate.
3. **Operations Rules & Procedures (OR&P) Sect 1303** – documentation that Mr.
   Mitchell was informed and received a copy of this policy including any signed for
   forms by Mr. Mitchell attesting to his receiving the OR&P Manual.
4. **A Copy of Non-**Represented Employee Handbook – documentation that Mr. Mitchell
   received a copy of this manual including and any signed for forms by Mr. Mitchell
   attesting to his receiving the manual.
5. **A Copy of Mr. Mitchell's employee file -** including any disciplinary actions against
   him as well as performance reviews since his employment began on July 3rd, 2017.
6. **A Copy of Mr. Mitchell's 1st and 2nd request for a Religious Exemption against
   BART's Vaccine Mandate** – Specific reasons and justifications for that denial with

respect to Title VII of the 1964 Civil Rights Act, all notes and deliberative documents used to arrive at that decision, all information on the training received by Mr. Rod Maplestone on evaluating religious exemption requests, any certifications Mr. Maplestone received in making such determinations.

7. **Data on Religious Exemption Requests** – Total number of Religious Exemption requests BART received from employees by the following.
   a. Denomination
   b. Approved
   c. Denied
   d. Average time that it took to arrive at these decisions, vs Mr. Mitchells denial.
   e. How many are still outstanding
   f. Demographics of applicants; race, age, religious denomination.

It is also my intention to question Mr. Rod Maplestone during the hearing., so I am requesting that he be made available during the hearing. Please forward the name of the hearing Officer to me ASAP and please make him aware of my requests.

Regards,

Bradford Mitchell

# EXHIBIT O9


**B A R T**

**RELIGIOUS EXEMPTION
REQUEST REVIEW FORM
(COVID-19 Vaccination)**

| | Date of Review | 12.14.2021 |
|---|---|---|

| **Employee Name** | **Employee ID Number** |
|---|---|
| Mitchell, Bradford | 063467 |

**Initial Review**

1. Documents Included:
   a. Religious Exemption v.1 ☐Yes ☐No _____
   b. Religious/Medical Supplemental ☐Yes ☐No _____
   c. Religious Exemption v.2 ☒Yes ☐No _____
   d. Medical Accommodation ☐Yes ☐No _____
   e. Written Request ☐Yes ☐No _____
   f. Affidavit/Statement ☐Yes ☐No _____
   g. Other documentation ☐Yes ☐No _____

**Case Evaluation**

2. Are there any inconsistencies with the employee's stated belief or whether an employee has acted in an inconsistent way with a stated belief? ☐Yes ☒No

   If "Yes," please explain:

3. Is there evidence the employee is seeking a benefit or an exception that is likely to be sought for nonreligious/ Secular reasons? ☒Yes ☐No

   If "Yes," please explain:
   No reason given stating how the COVID-19 vaccine goes against his sincerely held religious belief. He list secular reasons such as, "A persons assessment of whther the benefits of a medical intervention outweigh the undesirable side-effects are to be respected unless they contradict the Bible's moral teachings.  A Christian is morally required to obey his or her Consceince."

4. Is the timing of the request considered questionable? ☐Yes ☒No

   If "Yes," please explain:



**RELIGIOUS EXEMPTION
REQUEST REVIEW FORM
(COVID-19 Vaccination)**

| **Employee Name** | **Employee ID Number** |
|---|---|
|  |  |

5. Is there reason to request an interview of the employee to discuss the request further? ☐Yes ☒No

   If "Yes," please explain:

---

**Interview**

6. Interview Conducted? ☐Yes, Date of Interview: _____     ☐No, ☐Declined by employee

   Interview assessment:

---

**Religious Exemption Determination**

Based on the review of evidence provided, the request for a religious exemption is:

   ☐Approved
   ☒Denied

   If denied, basis for denial:

   Reasons listed were secular.

---

If religious exemption is approved, please proceed to the next section regarding determination regarding an accommodation.

**RELIGIOUS EXEMPTION
REQUEST REVIEW FORM
(COVID-19 Vaccination)**

| **Employee Name** | **Employee ID Number** |
|---|---|
| | |

## Accommodation Criteria

If approved, was an accommodation identified that meets the following criteria:

7. Employee remains able to perform the essential functions of the job: ☐**Yes** ☐**No**

8. Request does not pose a direct threat to the health and/or safety of others in the workplace: ☐**Yes** ☐**No**

9. The request does not create undue hardship for the District: ☐**Yes** ☐**No**

   If "No," to any of the above questions, explain:

## Final Determination

The final determination is:

   ☐**Approved**; both the religious exemption and the accommodation requests are approved
   ☐**Denied**; either one or both requests (exemption and accommodation) were not approved

   Explain:

Amelia Sandoval Smith, Senior Attorney
Rod Maplestone, Manager of Leave Programs
Gizelle Huynh, Supervisor of Leave Management
Name/Title of Reviewer

12.14.2021

Date

# EXHIBIT 10

## RE: Disciplinary Hearing ICO Bradford Mitchell February 11th, 2022

Rosalind Bolds <RBolds@bart.gov>

Wed 2/9/2022 9:42 AM

To: Bradford Mitchell <BMitche@bart.gov>

Cc: ACN <bradford@acninc.net>

Hi Bradford,   forwarding the Fedex Tracking number 775977622324. I will scan the documents in a few minutes and send as a backup.

Rod Maplestone will not be attending, I sent the below message addressing your request in a separate email yesterday at 11:25 a.m.:

------------------------------------------

Dear Mr. Mitchell,

We received your correspondence dated February 2, 2022.  The scope of the hearing and issues for consideration by the Hearing Officer are narrowly framed and focused solely on whether the District has just cause to uphold the proposed discipline based on the charge that you violated the District rules and policies.  In other words, the hearing is solely to determine whether you complied with the District's Employee Vaccination Policy. This hearing is not the venue to litigate your personal disagreement with the Employee Vaccination Policy or to challenge its legality. Challenges to the policy itself or decisions made on your interactive process have limited relevance in this forum.   Given the limited scope of the hearing, you have not shown relevance for needing the testimony of Rod Maplestone, who has no personal knowledge of whether or not you have complied with the District's Employee Vaccination Policy.   You may, however, wish to call other witnesses who have personal knowledge relevant to this limited issue.

Additionally, the District has not compiled the data on other religious exemption requests that you asked for in your letter and cannot provide you with documents it has not created.  More importantly, given the narrow scope of issues to be considered at the hearing, results in other religious exemption requests have no bearing on whether you have complied with the District's rules and policies.

Your hearing remains set for this Friday, per the notice of hearing you previously received. **Please inform us no later than close of business on Wednesday, February 9 whether you intend to have counsel represent you at the hearing.**

------------------------------------------

Let me know if you have any questions.

Thanks
Roz

*Rosalind Bolds*

**Rosalind Bolds, MPA | Manager of Talent Acquisition**
**SF Bay Area Rapid Transit District**
Human Resources Department | Talent Acquisition Division
2150 Webster Street, 4th Floor (BHQ-4), Oakland, CA 94612

# EXHIBIT 11

# SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT

**B A R T**



Date: February 28, 2022

**TO:**     Bradford Mitchell
             Superintendent of Rolling Stock and Shops

**FROM:**   Paula Fraser
             Assistant Chief Transportation Officer

**Subject:**   Results of Hearing

Pursuant to Chapter IV, Section A.8 of the Non-Represented Employee Handbook of the Bay Area Rapid Transit District, a Pre-Disciplinary Hearing was held on Tuesday February 22, 2022, to determine if the proposed discipline of termination for not meeting the BART District's condition of employment to get fully vaccinated, a violation of the BART Board of Director policy of vaccination and ORP Rule 1303, should be sustained, withdrawn, or modified. After careful review of all the facts and testimony presented at the Hearing, my ruling is as follows:

**Violations:**

### *Employee Vaccination Policy Dated 11/30/21 Signed by GM Robert Powers*

*During the hearing the District presented evidence on the Board Policy and its application. This included the Employee Vaccination Policy listing its scope, definitions, and compliance. Options were given to you by the District during your religious exemption process but you chose to remain unvaccinated, you did not utilize the "Voluntary Separation or Rehire Rights" options, or other options listed in District-8, retirement or voluntary resignation. You chose to take no action.*

*Based on District evidence at the Hearing I find you in violation of the Covid-19 Board of Directors Vaccine Mandate, you remain unvaccinated.*

**Operations Rules and Procedures Manual**
**SECTION I – GENERAL EMPLOYEE CONDUCT**
**1303 Employees shall, while on duty, perform all tasks assigned or directed by proper authority.**

*I will leave the rule as violated by you and your actions of not following tasks directed by proper authority, the BART District.*

You participated in the religious exemption process, and it was denied. You did not select to voluntarily separate from the District or retire when the options were given to you. Based on all District evidence, I find you received ample notifications of the choices available to you, yet you chose none of the options and remain unvaccinated. You have not met a condition of employment mandated by the Board of Directors to be employed by the BART District.

It is, therefore, my decision to uphold the proposed discipline of: **Termination**



Paula Fraser, Assistant Chief Transportation Officer
San Francisco Bay Area Rapid Transit District


Cc:      Leo Pica, Assistant Chief Mechanical Officer
         Veronica Thomas, Director of Human Resources
         Labor Relations Department

# EXHIBIT 12

From: **ACN Email** bradford@acninc.net
Subject: Re: Results of Termination Hearing
Date: Mar 10, 2022 at 9:21:30 AM
To: **Bryana Myers** bryanamyers3@gmail.com

Thanks I received it, yes BART must be blocking my email lol, I guess termination isn't enough. 😂

Bradford

On Mar 10, 2022, at 8:59 AM, Bryana Myers <bryanamyers3@gmail.com> wrote:

Bryana Myers
C. 510-313-3916
bryanamyers3@gmail.com

---------- Forwarded message ---------
From: **Bryana Myers** <bmyers@bart.gov>
Date: Thu, Mar 10, 2022 at 8:57 AM
Subject: FW: Results of Termination Hearing
To: bryanamyers3@gmail.com <bryanamyers3@gmail.com>

**From:** Rosalind Bolds <RBolds@bart.gov>
**Sent:** Wednesday, March 9, 2022 3:13 PM
**To:** ACN <bradford@acninc.net>
**Cc:** Bryana Myers <bmyers@bart.gov>
**Subject:** FW: Results of Termination Hearing

Hi Bradford,

Resending.... In addition, a copy of the results as well as the audio copy was sent to you via Fedex; however, it was rejected due to it going to a P.O. Box. We resent it via USPS and you should receive it today or tomorrow.

Thanks

Roz

**From:** Rosalind Bolds
**Sent:** Wednesday, March 2, 2022 1:44 PM
**To:** ACN <bradford@acninc.net>
**Cc:** Leonardo Pica <LPica@bart.gov>
**Subject:** Results of Termination Hearing

Bradford, forwarding a copy of the Results of your Termination Hearing.  Based on the results of the hearing your termination date is effective March 3, 2022.

Per your request, I will send you a copy of the Hearing audio.

The language from the NonRep handbook regarding the appeal process and how to request appeal is outlined in Step 3 below.  If you choose to appeal, you may send your appeal to Alaric, AGM of Administration, at alaric.degrafinried@bart.gov.

**B.11. Grievance Handling**

A grievance is any dispute involving a claimed violation, misinterpretation or inequitable application of, or non-compliance with, one or more provisions of this Handbook or of District rules, regulations and procedures, or any existing practice affecting status or working conditions of employees including matters of discipline. The following procedure shall be administered to assure the orderly resolution of an employee grievance:

**Step 1: Informal Grievances** - An employee with a grievance must discuss the grievance with his/her supervisor for the purpose of a prompt resolution. If the grievance is not resolved by the 10th working day after it is presented, it is deemed to be at impasse. A satisfactory resolution should be documented in brief written form, dated and signed by both parties.

**Step 2: Formal Grievances** - A Formal Grievance is initiated through the submission of a concise written statement which clearly identifies the facts giving rise to the alleged grievance and the relief being sought. Such a grievance must be presented within ten (10) working days after an impasse at Step 1. All Formal Grievances shall be presented to the department manager. The department manager or his/her designee will acknowledge receipt of the grievance by signing and dating the grievance. A copy of the grievance will then be forwarded to the Labor Relations Division. The department manager or designee shall prepare a written response to the grievance. The grievant will acknowledge receipt of the response by signing and dating the response. A copy of the acknowledged response will then be sent to the Labor Relations Division.

**Step 3: Appeal** - If the grievance is not resolved satisfactorily at Step 2, the grieving employee may, within fifteen (15) working days of acknowledging the Formal Grievance response, submit

a written appeal. In the appeal, the grievant should describe the initial formal grievance and the reason for dissatisfaction with the decision at Step 2.

## Rosalind Bolds

**Rosalind Bolds, MPA | Manager of Talent Acquisition**

**SF Bay Area Rapid Transit District**
Human Resources Department | Talent Acquisition Division
2150 Webster Street, 4th Floor (BHQ-4), Oakland, CA 94612
Phone: (510) 464-7518 | | rbolds@bart.gov



*For employment opportunities, visit us at http://bart.gov/about/jobs*



pdf

Results of...itchell.pdf
365 KB

# EXHIBIT 13

March 21, 2022

Bradford Mitchell
1025 Nevin Ave # 1666
Richmond, California 94802

Alaric Degrafinried, AGM Administration
Human Resource Department
San Francisco Bay Area Rapid Transit District
2150 Webster Street, 4th Floor (BHQ-4)
Oakland, California 94612

Subject:    Appeal ICO Termination Hearing for Bradford Mitchell

Pursuant to BART's NonRep handbook regarding the appeal process outlined in Step 3, I am submitting this letter to appeal the decision by Hearing Officer Paula Fraser to uphold BART's decision to terminate me from employment for violation of OR&P Section I 1303 for failing to follow BART's vaccination policy.

During the hearing I was not allowed to put forth a proper and fair defense due to the fact that BART failed to give me requested data on BART's employee Religious Exemption results as well as making available Mr. Rod Maplestone as a witness to be questioned.

The failure by the district to provide these items prevented me from defending myself against BARTS charges. I therefore request that the termination be set aside and that I be reinstated immediately to my former position at BART.

Also BART failed to notify me of the Hearing Officers decision in a timely manner, I was not formally notified of this decision until March 10th, 2022 via email from Bryana Myeres via her personal email at bryanamyers3@gmail.com.

Regards.

Bradford Mitchell

# EXHIBIT 14



**SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT**
2150 Webster Street
Oakland, CA 94612
(510) 464-6000

**2022**

Rebecca Saltzman
PRESIDENT

Janice Li
VICE PRESIDENT

Robert Powers
GENERAL MANAGER

DImpRECTORS

Debora Allen
1ST DISTRICT

Mark Foley
2ND DISTRICT

Rebecca Saltzman
3RD DISTRICT

Robert Raburn, Ph.D.
4TH DISTRICT

John McPartland
5TH DISTRICT

Elizabeth Ames
6TH DISTRICT

Lateefah Simon
7TH DISTRICT

Janice Li
8TH DISTRICT

Bevan Dufty
9TH DISTRICT

DELIVERED VIA EMAIL AND COURIER

March 30, 2022

Bradford Mitchell
P.O. Box 1666
Richmond, CA 94802

Re:   Appeal Hearing – General Manager's Panel

Dear Mr. Mitchell,

On March 22, 2022, you provided the District with a written notice of appeal of the disciplinary action, termination, issued by the District on February 28, 2022. In accordance with Chapter IV, Section B.11 of the Non-Represented Employee Handbook a hearing before the General Manager's Human Resources Committee has been scheduled. You have a right to be represented by a spokesperson at any meeting scheduled by the Human Resources Committee in connection with your appeal.

The Committee has scheduled a meeting at which time you will be permitted to present your appeal. You will have a maximum of an hour to state the grounds of your appeal. The panel will deliberate and provide a recommendation for determination to the General Manager.

| | |
|---|---|
| Date: | Friday, April 8, 2022 |
| Time: | 1:00 p.m. |
| Location: | 2150 Webster Street, 1st Floor, Oakland, CA 94612 |
| Appeals Panel: | Rodd Lee, Assistant General Manager, External Affairs |
| | Sylvia Lamb, Chief Engineering Officer (Acting) |
| | John Mazza, Director of Procurement |

The hearing will be held even if you fail to attend. Please advise if you intend to have counsel present at the hearing.

Sincerely,

*Rosalind Bolds*

Rosalind Bolds
Manager of Talent Acquisition

c:
Alaric Degrafinried, AGM, Administration
Personnel File

**www.bart.gov**

136346.1

# EXHIBIT 15



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Oakland Local Office
1301 Clay Street, Suite 680-N
Oakland, CA 94612
(510) 956-0004
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

**To:** Mr. Bradford Mitchell
1025 Nevin Ave # 1666
RICHMOND, CA 94802
Charge No: 555-2022-01390

Issued On: 09/23/2022

EEOC Representative and email:

Carlos Rocha
Investigator
carlos.rocha@eeoc.gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally signed by Rosa M. Salazar
DN: cn=Rosa M. Salazar, o=U.S. Equal Employment
Opportunity Commission, ou=Enforcement
Manager, San Francisco District Office,
email=rosa.salazar@eeoc.gov, c=US
Date: 2022.09.23 15:15:58 -07'00'

For: Steven Hunt
Local Director

**Cc:**
Katherine Tate
Bay Area Rapid Transit
300 Lakeside Drive Suite 1682T
Oakland, CA 94604
Ktate1@bart.gov

Please retain this notice for your records.